RuottN, J.
 

 By the universal law-merchant, the protests of a notary public are received as evidence of the presentment of bills of exchange, for acceptance and payment, and
 
 *99
 
 the refusal of the drawee, and the reasons given for it. It establishes the facts, stated in it, in respect to each and all of those points, to the full extent the notary could doit, if he were examined as a witness before the jury, and were believed. That, indeed, was not contested at the bar; but it was admitted that the protest ■would be sufficient, if it had stated that the notary presented the bill to B. Elder, Brothers & Co., nominat'im. It was contended, however, that the notary could not take upon him to say who constituted that firm, as the partners, and, therefore, that the protest was not evidence, that presentment to Chrisp was one, to the house, on which the bill was drawn. It is not doubted that the protest would have been sufficient if it had set forth a presentment to B* Elder, Brothers & Co., without going into the further particulars respecting the particular member of the firm. But certainly that does not vitiate it, since presentment to one of the firm, is a presentment to all, and it is just as competent for the notary to say to what member of the firm he applied, as to say that he applied to the whole firm, as the firm is, at last, composed of particular persons, and if he knows the firm, he knows the ostensible members of it. If he had been before the jury, he might have proved that the Chrisp, to whom he presented the bill, constituted the firm, or was one of the firm on which the bill was drawn, consequently, his protest is evidence to the extent his testimony would have been ; for, the purpose of receiving it, is for the convenience of commerce, to dispense with witnesses, and make them unnecessary, by receiving the protest, as evidence, in their stead, of presentment and demand, at the proper time and place, and to the proper persons. "When, therefore, the protest states, that the bill was presented to Chrisp, and that Chrisp was a member of the firm of B. Elder, Brothers & Co., merchants in Hew Orleans, on whom the bill was drawn, it states a presentment to the firm.
 

 Per Curiam, Judgment affirmed.